IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROOFERS' PENSION FUND; ROOFERS' UNIONS WELFARE TRUST FUND; CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND; ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND; ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND; NATIONAL ROOFING INDUSTRY PENSION PLAN; and UNITED UNION OF ROOFERS, WATERPROOFERS AND ALLIED WORKERS LOCAL NO. 11, | ) ) ) ) ) ) ) ) ) ) ) | NO. 20-cv-4915<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| COLEMAN ROOFING, INC., an Illinois corporation, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

NOW COME the Plaintiffs, the ROOFERS' PENSION FUND, *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendant COLEMAN ROOFING, INC. ("COLEMAN ROOFING") as follows:

### JURISDICTION AND VENUE

1. This action arises under Section 502 and 515 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act, 29 U.S.C. §§ 1132, 1145, and 185. The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the ROOFERS' PENSION FUND and the ROOFERS' UNIONS WELFARE TRUST FUND, along with

the CHICAGOLAND ROOFERS' APPRENTICESHIP AND TRAINING FUND and the NATIONAL ROOFING INDUSTRY PENSION PLAN (collectively referred to as the "TRUST FUNDS"), are administered at 2021 Swift Drive, Suite B, Oak Brook, Illinois and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in the Northern District of Illinois, Eastern Division.

## PARTIES

3. The TRUST FUNDS receive contributions from numerous employers pursuant to the Standard Working Agreement ("SWA") negotiated between the UNITED UNION OF ROOFERS, WATERPROOFERS, AND ALLIED WORKERS LOCAL NO. 11 ("LOCAL 11") and the Labor Relations Group of the Chicago Roofing Contractors Association, Inc. ("CRCA"), and therefore are multi-employer plans under 29 U.S.C. § 1002.

4. The ROOFERS' LOCAL 11 PROMOTIONAL AND ORGANIZATIONAL FUND ("PROMOTIONAL FUND") is a labor management cooperation committee that is administered in Westchester, Illinois.

5. The ROOFING INDUSTRY ADVANCEMENT AND RESEARCH FUND ("INDUSTRY FUND") is an industry improvement fund administered in Hillside, Illinois.

6. The Defendant COLEMAN ROOFING is an Illinois corporation with its principal place of business in Chicago Heights, Illinois.

## COUNT I
## BREACH OF THE COLLECTIVE BARGAINING AGREEMENT

7. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-6 of this Complaint with the same force and effect as if fully set forth herein.

8. COLEMAN ROOFING assigned its bargaining rights for purposes of negotiating collective bargaining agreements with LOCAL 11 to the CRCA.

9. Through this relationship, COLEMAN ROOFING agreed to be bound to the SWA negotiated between LOCAL 11 and the CRCA. (A copy of the SWA is attached as **Exhibit 1**).

10. Pursuant to the terms and conditions set forth in the SWA, COLEMAN ROOFING also became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

11. Pursuant to the Trust Agreements, the Trustees adopted the Employer Contribution Collection and Audit Procedures ("Collection and Audit Procedures") to administer the collection of contributions from employers and to conduct routine audits to ensure compliance with the terms of the Trust Agreements and SWA. (The Collection and Audit Procedures are attached as **Exhibit 2**).

12. The provisions of the SWA, Trust Agreements and the Collection and Audit Procedures require COLEMAN ROOFING to make monthly reports of hours worked by bargaining unit employees and pay contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND for each hour worked pursuant to the SWA at the negotiated rate. The monthly reports and contributions during all relevant times were due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

13. Pursuant to the terms of the SWA, employers are required to deduct a dues assessment for each hour worked by its employees under the SWA from its employees' wages and remit the deduction to LOCAL 11 on a monthly basis. The dues during all relevant times were

due on or before the 15th day of the calendar month following the calendar month during which the work was performed.

14. Pursuant to Section 502(g)(2) of ERISA (29 U.S.C. § 1132) and the provisions of the SWA, Trust Agreements, and Collection and Audit Procedures, employers who fail to timely submit their monthly remittance reports and contributions to the TRUST FUNDS, the INDUSTRY FUND, and the PROMOTIONAL FUND, and dues to LOCAL 11, on a timely basis are responsible for the payment of liquidated damages equal to 10% of the amount unpaid and interest at the prime rate as published by the Wall Street Journal plus 4 percentage points for each month that contributions remain unpaid, plus any reasonable attorney's fees and costs of maintaining suit.

15. In order to verify an employer's compliance with the SWA, Trust Agreements, and Collection and Audit Procedures, the TRUST FUNDS may perform a payroll compliance audit of an employer at any time.

16. The SWA and Collection and Audit Procedures provide that employers must provide any "financial records deemed necessary by the auditor to enable the auditor to render the necessary opinion." (**Exhibit 2**).

17. Further, Article X, Section 12 of the SWA provides that:

> The Employer shall furnish to the Trustees of any trust fund to which contributions are obligated by this Working Agreement, upon written request of each such trust fund, such information and reports as the Trustees or their Auditor may require in the performance of their duties, including, but not limited to: each employee's payroll records (regardless of craft or occupation) . . . any other financial records deemed necessary by the Auditor to enable the auditor to render the necessary opinions . . .

(**Exhibit 2**).

18. On several occasions, Plaintiffs' auditor has attempted to contact COLEMAN ROOFING requesting copies of the records and documents in order to conduct a payroll compliance audit.

19. COLEMAN ROOFING has refused to cooperate with the requests for these records to complete the audit.

20. A payroll audit of COLEMAN ROOFING is necessary to determine the exact amount of damages owed by COLEMAN ROOFING.

21. COLEMAN ROOFING owes the Plaintiffs all contributions, union dues, liquidated damages, interest, and audit fees revealed to be due and owing by the payroll compliance audit, in addition to any other contributions, union dues, liquidated damages, interest and fees and costs which may become due and owing.

22. Plaintiffs have complied with all conditions precedent in bringing this suit.

23. Defendant COLEMAN ROOFING is obligated to pay the reasonable attorney's fees and court costs incurred by the Plaintiffs pursuant to the SWA, Trust Agreements, Collection and Audit Procedures and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request the following relief:

A. That an Order be entered requiring the Defendant COLEMAN ROOFING to comply with a payroll compliance audit and produce any and all payroll documents and other corporate records necessary to complete the audit;

B. That Judgment be entered in favor of Plaintiffs and against Defendant COLEMAN ROOFING for all contributions, union dues, liquidated damages, interest and auditor fees revealed by the payroll compliance audit;

C. That Judgment be entered in favor of Plaintiffs and against Defendant COLEMAN ROOFING for all other contributions, union dues, liquidated damages, interest and fees and costs which may become due and owing;

D. That Defendant COLEMAN ROOFING be ordered to pay the reasonable attorneys' fees and costs incurred by the Plaintiff pursuant to the SWA, Trust Agreements, Collection and Audit Procedures and 29 U.S.C. §1132(g)(2)(D); and

E. That Plaintiffs have such other and further relief as the Court may deem just and equitable, all at the cost of Defendant COLEMAN ROOFING, pursuant to 29 U.S.C. § 1132(g)(2)(E).

Respectfully Submitted,

**ROOFERS PENSION FUND** *et al.*

/s/ Lucas J. Habeeb - 6329755
One of Plaintiffs' Attorneys
Johnson & Krol, LLC
311 S. Wacker Dr., Suite 1050
Chicago, IL 60606
(312) 757-5472
habeeb@johnsonkrol.com